IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WALTER HOLLEY,
Inmate No. L08450,
     Plaintiff,

vs.                               Case No.:  3:19cv150/RV/EMT

WARDEN JOHN DOE, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials at Century Correctional Institution where he was previously incarcerated (ECF No. 1).  Plaintiff subsequently filed an amended complaint, in which he names three Defendants, each of whom were employees at Century Correctional Institution ("CCI") at the time of the events giving rise to this action (ECF No. 7).  Leave to proceed in forma pauperis has been granted (ECF No. 4).  This matter is presently before the court on Plaintiff's Motion for Preliminary Injunction (ECF No. 8).

The court has yet to review Plaintiff's Amended Complaint as required under § 1915(e)(2)(B), but a cursory review reveals that Plaintiff essentially alleges that the CCI Defendants failed to protect him which resulted in his being stabbed by two other

inmates, thus violating his right to be free from cruel and unusual punishment (ECF No. 7 at 6–12). Plaintiff has since been transferred to Charlotte Correctional Institution (*see* ECF No. 6).

In the instant motion, Plaintiff states that Sergeant Frost, an employee of Charlotte Correctional Institution, has been "retaliating" against Plaintiff because Plaintiff has filed grievances against him (ECF No. 8 at 1–2). Specifically, Plaintiff states that Sergeant Frost has confiscated pictures of Plaintiff's deceased family which cannot be replaced, has placed Plaintiff under property restriction, has threatened and harassed Plaintiff, and has prevented Plaintiff from mailing legal documents (*id*.). Plaintiff also generally alleges that Warden Derek Snider "allows" Sergeant Frost to violate inmate's rights (*id*.). As relief, Plaintiff requests that the court order Warden Snider to order Sergeant Frost to "cease his actions" and to "separate [Sergeant] Frost and Plaintiff" for a specified period of time as determined by the court (ECF No. 8 at 2).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district

court.  *See* <u>Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd.</u>, 112 F.3d 1125, 1126

(11th Cir. 1997) (citation omitted).  The district court, however, must exercise its

discretion in light of whether:

1.   There is a substantial likelihood that Plaintiff will prevail on the merits;

2.   There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3.   The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4.   The granting of the preliminary injunction will not disserve the public interest.

*See* <u>CBS Broad., Inc. v. Echostar Communc'n Corp.</u>, 265 F.3d 1193, 1200 (11th Cir.

2001) (citation omitted); <u>Carillon Imp., Ltd.</u>, 112 F.3d at 1126.  "A preliminary

injunction is an extraordinary and drastic remedy not to be granted unless the movant

clearly establishes the 'burden of persuasion' as to the four requisites." <u>CBS Broad.,</u>

<u>Inc.</u>, 265 F.3d at 1200 (citation omitted).  Because the purpose of preliminary

injunctive relief is to preserve the status quo between the parties and to prevent

irreparable injury until the merits of the lawsuit itself can be reviewed, the relief

sought in the motion must be closely related to the conduct complained of in the actual

complaint.  <u>Devose</u>, 42 F.3d at 471; <u>Penn v. San Juan Hosp.</u>, 528 F.2d 1181, 1185

(10th Cir. 1975).  Also, the persons from whom the injunctive relief is sought must be parties to the underlying action.  *See* <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab.</u>, 72 F.3d 842, 842–43 (11th Cir. 1995).

Here, the relief sought in the instant motion is completely unrelated to the conduct complained of in the underlying complaint.  Additionally, neither Sergeant Frost nor Warden Snider (Charlotte Correctional Institution employees), from whom Plaintiff now seeks injunctive relief, are parties to the underlying action which concerns the incident alleged to have occurred at Century Correctional Institution on October 27, 2018.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's motion for preliminary injunctive relief (ECF No. 8) be **DENIED**.

At Pensacola, Florida, this 13<u>th</u> day of May 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.:  3:19cv150/RV/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**